UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

BARBARA SIMONSON,

        Plaintiff,

        v.                                    Case No. 23-C-526

THOMAS M. OLEJNICZAK,
STEVEN J. KRUEGER, and
CONWAY, OLEJNICZAK & JERRY, S.C.,

        Defendants.

## ORDER PARTIALLY GRANTING MOTION TO STRIKE

Plaintiff Barbara Simonson, a citizen of the State of Connecticut, filed this breach of contract action against the Wisconsin lawyers and law firm she retained to represent her in a family estate and trust matter that arose in Wisconsin. This court's jurisdiction arises under 28 U.S.C. § 1332. Ms. Simonson, who is proceeding pro se, has filed a motion to strike all affirmative defenses raised in Defendants' answer to the complaint, pursuant to Federal Rule of Civil Procedure 12(f). Alternatively, Ms. Simonson moves for a more definite statement of the affirmative defenses, pursuant to Rule 12(e). For the following reasons, the motion to strike will be partially granted and the alternative motion for a more definite statement denied.

Ms. Simonson's alternative motion for a more definite statement may be quickly disposed of. Under Rule 12(e), a party "may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). An answer that asserts affirmative defenses is not one to which a response is allowed. *United States ex rel. Patzer v. Sikorsky Aircraft Corp.*,

382 F. Supp. 3d 860, 865 (E.D. Wis. 2019). It thus follows that Rule 12(e) does not apply and Plaintiff's alternative motion for a more definite statement will be denied. Plaintiff's motion to strike, however, requires further discussion.

Rule 12(f) of the Federal Rules of Civil Procedure provides that upon a motion made by a party within 21 days after a pleading is served upon that party, the court may strike "any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter" from the pleading. But what is an "insufficient defense"? Rule 8 sets out the "General Rules of Pleading," including those governing affirmative defenses. Rule 8(c), which carries the heading "Affirmative Defenses," states: "In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including" and then goes on to enumerate eighteen commonly asserted defenses, such as contributory negligence, statute of limitations, and waiver. Rule 8(b)(1)(A) states that "in responding to a pleading, a party must . . . state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1)(A).

Courts appear to be divided on what these rules require for affirmative defenses. *See* 5 CHARLES A. WRIGHT & ARTHUR R. MILLER, *FEDERAL PRACTICE & PROCEDURE* § 1274 (3d ed. 2018). "[N]umerous federal courts have held, an affirmative defense may be pleaded in general terms and will be held to be sufficient, and therefore invulnerable to a motion to strike, as long as it gives the plaintiff fair notice of the nature of the defense." *Id.* (footnotes omitted); *see, e.g.*, *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015) ("the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms'"); *In re Frescati Shipping Co., Ltd.*, 886 F.3d 291, 313 (3d Cir. 2018) ("In general, an affirmative defense need not be articulated with any rigorous degree of specificity, and is sufficiently raised for purposes of

2

[Federal Rule of Civil Procedure 8] by its bare assertion." (quotation marks and alterations omitted)).

Other courts, however, have held that the pleading requirements for affirmative defenses are the same as those that apply to claims for relief, as enunciated by the Supreme Court in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). In *Twombly* and *Iqbal*, the Court sought to clarify pleading standards with a view to reducing the costs and potential abuses of litigation. Striking affirmative defenses that are asserted in conclusory fashion as mere placeholders would seem to further the goal of reducing litigation costs by eliminating the need for discovery on issues that should not be in the case in the first place. It is perhaps for this reason that "[a] majority of district court decisions in this circuit apply the pleading standards set forth in *Twombly* and *Iqbal* to affirmative defenses." *Crumpton v. Octapharma Plasma, Inc.*, 513 F. Supp. 3d 1006, 1012 (N.D. Ill. 2021); *see also Maui Jim, Inc. v. SmartBuy Guru Enters.*, 386 F. Supp. 3d 926, 938 (N.D. Ill. 2019) (collecting cases).

But as Judge Adelman thoroughly explains in *Patzer*, applying the same pleading standards to affirmative defenses as those that apply to claims for relief fails to take into consideration the different functions that a complaint and an affirmative defense play in litigation. 382 F. Supp. 3d at 865. A complaint describes the conduct giving rise to the plaintiff's claim in enough detail to enable the defendant to investigate the facts and prepare its answer. An answer to the complaint, which must be filed in as little as twenty-one days after receipt of the complaint, Fed. R. Civ. P. 12(a)(1)(A)(i), requires the defendant to "admit or deny the allegations asserted against it by the opposing party" and "state in short and plain terms its defenses to each claim asserted against it." Fed. R. Civ. P. 8(b)(1). Because the plaintiff is not required to file a response to the defendant's answer, the same need for detail is not present. Once the plaintiff has stated a claim for relief, the

3

case will proceed to discovery regardless of whether the defendant has stated a viable affirmative defense in its answer. A plaintiff confronted with an affirmative defense may always use discovery to learn the factual and legal basis for the defense before having to formally respond to it. In contrast, a defendant ordinarily cannot take discovery until after it files its answer. Thus, while the defendant must rely on the information in the complaint when preparing and filing an answer within the time allowed, the plaintiff has ample time to assess the defenses asserted. As Judge Adelman explains:

> The asymmetry in the information needed at the pleading stage explains why a plaintiff's pleading no more than "negligence" or "employment discrimination" would not satisfy Rule 8(a)(2), while a defendant's pleading no more than "contributory negligence" could satisfy Rule 8(c). The bare assertion of the nature of the claim will not provide the defendant with enough information to investigate the claim and prepare its answer. In contrast, the bare assertion of the defense will put the plaintiff on notice that the defendant may, at some point in the case, argue that the plaintiff's own negligence contributed to the claimed injury. The plaintiff will thus be alerted to the need to take discovery on this issue. Note that, to serve this notice function, the affirmative defense does not have to identify the precise conduct that is claimed to be contributory negligence: because the plaintiff does not have to file a responsive pleading, she does not need to know the details underlying the defense until discovery is underway. Moreover, so long as the plaintiff knows that contributory negligence may be an issue, she can learn the factual and legal basis for the defense by serving a single contention interrogatory on the defendant under Federal Rule of Civil Procedure 33 or by using whatever other discovery tool she finds convenient.

*Patzer*, 382 F. Supp. 3d at 865.

Another point Judge Adelman makes is that the *Twombly/Iqbal* plausibility standard, which requires that a complaint contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face, is inconsistent with the nature of most affirmative defenses. *Id.* at 866. Again, quoting Judge Adelman:

> Under this standard, claims cannot be pleaded in the form of "legal conclusions" or "[t]hreadbare recitals of the elements of a cause of action." But unlike claims for relief, affirmative defenses often do not depend on much "factual matter" at all— they are mostly legal conclusions. Consider the statute of limitations. What "factual

4

matter" could be pleaded in support of this affirmative defense? The defense generally consists of two elements: (1) the date on which the plaintiff's claim accrued, and (2) the time stated in the applicable statute of limitations. Both elements depend primarily on legal conclusions rather than facts. The date on which the claim accrued is determined by the jurisdiction's law of claim accrual, and identifying the applicable statute of limitations is a pure legal question. Thus, pleading "the plaintiff's claim accrued on [date] and is therefore barred by the statute of limitations contained in [statute]" would be the pleading of a legal conclusion. It would not be the pleading of "factual matter" that the court could "accept[ ] as true." Thus, many affirmative defenses simply do not fit into the plausibility framework.

*Id.* (quoting *Iqbal*, 556 U.S. at 678).

Judge Adelman also offers a persuasive response to the argument that requiring detailed pleading standards for affirmative defenses will reduce costs of litigation and save time. "A plaintiff wishing to discover whether an affirmative defense is plausible," Judge Adelman explains, "needs to do no more than serve a contention interrogatory." *Id.* at 867. Since the plaintiff will inevitably seek discovery from the defendant and the cost of drafting a simple contention interrogatory is almost certainly less than the cost of drafting and briefing a motion to strike an insufficient defense, it is difficult to see how a motion to strike is more cost effective. *Id.* This is especially true when one considers the fact that as for affirmative defenses that are asserted early on so as to avoid waiver, "more than likely they will die an inconspicuous death." *Ill. Tool Works, Inc. v. ESAB Group, Inc.*, No. 16-C-201, 2016 WL 8224331, at *1 (E.D. Wis. Sept. 13, 2016). "By the time of summary judgment or trial, . . . many of the defenses originally pled simply fall away, even without a formal withdrawal being made." *Marine Travelift Inc. v. ASCOM SpA*, No. 14-C-443, 2015 WL 461549, at *3 (E.D. Wis. Feb. 3, 2015). And of course, requiring a rigorous pleading standard for affirmative defenses will result in more motions to strike, necessitating more court time to resolve issues that would likely disappear in the long run without court involvement. *Patzer*, 382 F. Supp. 3d at 867.

For these and other reasons, Judge Adelman stated he would prefer to conclude that the defendants in that case had adequately pleaded their affirmative defenses. *Id.* at 868. He said he was unable to do so, however, because "the Seventh Circuit requires more detailed pleading of affirmative defenses. It requires that affirmative defenses be more than 'bare bones conclusory allegations,' that affirmative defenses contain 'a short and plain statement of the facts,' and that defendants 'allege the necessary elements' of the defenses." *Id.* (quoting *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294–95 (7th Cir. 1989)). Judge Adelman therefore granted the plaintiff's motion to strike in *Patzer*, but noted it was with leave to amend and urged the plaintiff not to file another motion to strike in the event the defendant did amend its affirmative defenses.

Unlike Judge Adelman, I do not read *Heller* to require strict pleading standards for affirmative defenses. *Heller* held that the district court did not err in granting the motion to strike the defendant's affirmative defenses in that case. 883 F.2d at 1294–95. It did not hold that the district court was required to grant such a motion. Indeed, the court first noted that the defendant was unable to show prejudice because he never sought leave to amend its answer which would have been freely granted as justice requires. *Id.* at 1294. Absent prejudice, there was no need to address the issue further, rendering the court's elaboration on pleading requirements dicta. *See United States v. Crawley*, 837 F.2d 291, 292 (7th Cir. 1988) (defining dictum as "a statement in a judicial opinion that could have been deleted without seriously impairing the analytical foundations of the holding—that, being peripheral, may not have received the full and careful consideration of the court that uttered it"). Even then, the court held "[a]ffirmative defenses will be stricken only when they are insufficient on the face of the pleadings. Ordinarily, defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact."

6

*Heller*, 883 F.2d at 1294 (citations omitted). I therefore conclude that an affirmative defense is sufficiently pleaded when it provides fair notice of what defense is asserted. "To warrant court intervention, the offending defense must give rise to some kind of prejudice, such as actual confusion, or it must at a minimum be shown how striking the matter would streamline the case. Otherwise, courts are being asked to act as pleadings editors rather than as arbiters of legitimate disputes." *Ill. Tool Works Inc.*, 2016 WL 8224331, at *1.

Even under this more lenient standard, it is clear that at least some of the twenty affirmative defenses asserted by the defendants in this case should be struck. The defendants apparently agree, as they state in their Response Brief that they are withdrawing Affirmative Defenses Seven (insufficient service of process), Affirmative Defense Eight (lack of personal jurisdiction), and Affirmative Defense Twenty (state law affirmative defenses). Dkt. No. 16 at 6. Affirmative Defense Twenty, in particular, is an egregious example of what is not sufficient. It reads:

> The answering defendants assert and incorporate herein by reference the affirmative defenses set forth under Wis. Stat. § 802.06(2), Wis. Stat. § 802.02(3), and Fed. R. Civ. P. 12, including without limitation, accord and satisfaction, arbitration and award, assumption of risk, contributory negligence, discharge in bankruptcy, duress, estoppel, failure of a condition subsequent, failure or want of consideration, failure to mitigate damages, fraud, illegality, immunity, incompetence, injury by fellow servants, laches, license, payment, release, res judicata, statute of frauds, statute of limitations, superseding cause, and/or waiver, so as to avoid waiver of the same pending further investigation and discovery, and further reserves the right to assert any affirmative defense(s) that may become available as a result of further investigation and discovery in this lawsuit.

Dkt. No. 8 at 8–9. This is nothing more than the blanket assertion of every conceivable affirmative defense under the law. It is not only insufficient under the rules governing pleadings but would also seem to violate Rule 11, which provides that by signing a pleading "an attorney or unrepresented party certifies to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, . . . the claims, defenses, and other legal

7

contentions are warranted by existing law or a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law." Fed. R. Civ. P. 11(b)(2).

Even as to some of the affirmative defenses that are not asserted in such sweeping and indeterminate fashion, however, more is required. This is not to say that these defenses may not be valid. The defendants explain in their Response Brief that they do have a legal basis for asserting various defenses to what Ms. Simonson characterizes as a straight breach of contract action. But the additional facts they assert in their Brief are not included in the pleadings. Absent more than can be gleaned from the pleadings, several do not provide the "fair notice" that is required.

For example, Affirmative Defense Six alleges that "plaintiff may have failed to join all necessary parties" but fails to identify the allegedly necessary parties who have not been joined. Affirmative Defense Nine asserts that "the summons or process is insufficient and/or defective" but does not allege what those insufficiencies or defects are. Similar deficiencies appear as to Affirmative Defenses Twelve (damages caused by third parties), Thirteen (superseding/intervening cause), Fifteen (estoppel), Sixteen (issue preclusion), Seventeen (law of the case), and Eighteen (Rooker/Feldman doctrine). The defendants need not conduct legal research for Ms. Simonson, but the affirmative defenses of third party, supervening, or intervening causes should include an allegation as to what such cause may be. Defenses of estoppel, issue preclusion, law of the case, and Rooker/Feldman should identify the determination, and proceeding at which it was made, that bar the claim asserted. As currently pled, these defenses do not provide fair notice.

Other defenses, by contrast, are sufficient when considered in the context of the allegations of the complaint. The First Affirmative Defense, failure to state a claim, is a legal defense that

8

assumes the truth of the allegations of the complaint. It raises a pure question of law. "Defenses will not be struck if they are sufficient as a matter of law or if they present questions of law or fact." *Heller*, 883 F.2d at 1294. Affirmative Defenses Two (failure to mitigate), Three (lack of standing), Four (unauthorized representation), Five (statute of limitations), Ten (contributory negligence), Eleven (breach of fee agreement), Fourteen (laches) and Nineteen (lack of privity) are likewise sufficiently pled when viewed in the context of the allegations of the complaint. These defenses are either based on the plaintiff's own conduct, of which she is aware, or present questions of law based on the facts alleged. A motion to strike "is not a proper device for placing the actual merits of a party's pleadings in issue." *Armstrong v. Snyder*, 103 F.R.D. 96, 100 (E.D. Wis. 1984).

Accordingly, Ms. Simonson's motion (Dkt. No. 11) is **granted in part and denied in part**. The motion to strike is granted as to Affirmative Defenses Six through Nine, Twelve, Thirteen, Fifteen through Eighteen, and Twenty. If the defendants wish to reassert any of these defenses in their answer, they may file an amended pleading within twenty-one (21) days of this order. And, of course, if the facts needed to assert a defense do not arise until later, they may seek leave to amend which must be freely granted where justice so requires. Fed. R. Civ. P. 15(a). The motion is denied as to Affirmative Defenses One through Five, Ten, Eleven, Fourteen, and Nineteen, as is the plaintiff's alternative motion for a more definite statement.

**SO ORDERED** at Green Bay, Wisconsin this 26th day of October, 2023.

s/ William C. Griesbach
William C. Griesbach
United States District Judge